THE STATE OF OHIO, APPELLANT, v. THREATT, APPELLEE.

[Cite as *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905.]

(Nos. 2004–1279 and 2004–1696—Submitted September 27, 2005—Decided March 15, 2006.)

Lundberg Stratton, J.

## I. Introduction

{¶ 1} This case presents us with the opportunity to address questions that were not presented in *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393. In *White,* we held that R.C. 2947.23 requires a court to assess costs against all convicted defendants. However, we also held that a court could waive payment of costs assessed against indigent defendants. Id. at ¶ 8, 14. Finally, we held that while R.C. 2949.14 required a clerk of courts to attempt to collect costs from nonindigent defendants, it did not forbid the clerk to attempt to collect costs from indigent defendants. Id. at ¶ 14. Collection, we held, was therefore permissible. However, we reserved the issue of what methods are available to collect these costs because that issue was not squarely raised in *White.* We now have the opportunity to decide that issue and others.

{¶ 2} In this case, we examine the certified question of whether collection of costs is permitted against indigent defendants and, if so, what methods of collection are available. We also determine when the appeal time for assessment of costs begins to run. We hold that (1) costs may be collected from indigent criminal defendants, (2) the state may use any method of collection that is available to collect a civil money judgment as well as the method provided in R.C. 5120.133, and (3) the appeal time for costs begins to run on the date of the sentencing entry.

## II. Facts

{¶ 3} On August 13, 2003, Michelle Threatt pleaded guilty to one count of theft and one count of possession of criminal tools. On August 15, 2003, the trial court sentenced Threatt to seven months in prison on each count, to be served concurrently, and ordered the "defendant to pay costs of prosecution for which execution is granted."

{¶ 4} On September 23, 2003, Threatt moved the trial court to waive the court costs, submitting an affidavit of indigency and arguing that the clerk could not collect costs against an indigent convicted felon pursuant to R.C. 2949.14. On September 25, 2003, the trial court denied Threatt's motion to waive costs.

{¶ 5} On October 9, 2003, Threatt filed a motion to vacate an order to garnish her funds, again arguing that the state could not collect costs from an indigent defendant. On October 15, 2003, the trial court denied Threatt's motion to vacate.

{¶ 6} Threatt appealed both the trial court's judgment denying her motion to waive payment of costs and its judgment denying her motion to vacate the order of garnishment. The appellate court had previously held that the appeal time for costs does not begin to run until the state attempts to collect the costs. *State v. Glosser,* 157 Ohio App.3d 588, 2004-Ohio-2966, 813 N.E.2d 1.

{¶ 7} In *Glosser,* the court of appeals had recognized that R.C. 2947.23 requires assessment of costs against all defendants, indigent or not. But the court had also held that R.C. 2949.14 requires attempts at collection of costs from nonindigent defendants only. Yet the court had also recognized that a defendant's financial status is changeable. Consequently, the court of appeals in *Glosser* held that a trial court should examine the "indigency status" of a defendant each time that there is an attempt to collect costs and that each of these evaluations creates a final appealable order. On Threatt's appeal, the court reversed the trial court's judgment and remanded the matter to the trial court for proceedings consistent with its opinion in *Glosser.*

{¶ 8} The state of Ohio filed a discretionary appeal in this court. The Court of Appeals for Stark County also certified that its decision conflicted with decisions from the Eighth, Tenth, and Eleventh District Courts of Appeals.

{¶ 9} We accepted jurisdiction over the state's discretionary appeal and also determined that a conflict existed. We consolidated the two cases. The consolidated case is now before this court for a determination on the merits.

### III. Analysis

#### A. Collection of Costs

{¶ 10} The question certified to us is "Under R.C. 2949.14 and R.C. 2947.23, may court costs assessed as part of a sentence be collected against a defendant convicted of a felony by levy or garnishment who was declared indigent during the criminal case?" In *White,* we held that costs must be assessed against and may be collected from indigent defendants. Therefore, in that costs may be collected from indigent defendants, the certified question in this case has already been answered to that extent by *White.*

{¶ 11} Despite our holding in *White* that a clerk may attempt to collect costs from an indigent felon, Threatt argues that the General Assembly has not provided any method to collect these costs. Threatt cites several provisions in the Ohio Revised Code that allow a court to impose financial sanctions and that incorporate their own methods of collection. For example, R.C. 2929.18 permits a court to impose financial sanctions on criminal defendants and to recover restitution for victims of the crimes and provides various methods to facilitate collection of those sanctions. R.C. 2929.18(D). Threatt argues that if the General Assembly had intended costs to be collected from indigent defendants, it would likewise have incorporated methods to facilitate collection within the statute that permits assessment of costs against indigent defendants. We disagree.

{¶ 12} R.C. 2947.23(B) defines a hearing process to be used after a defendant has failed to pay a judgment for costs. It permits, but does not require, a court to order the defendant to perform community service for credit against the judgment. The statute goes on to provide: "Except for the credit and reduction provided in this division, ordering an offender to perform community service under this division does not lessen the amount of the judgment and *does not preclude the state from taking any other action to execute the judgment*." (Emphasis added.)

{¶ 13} Further, R.C. 5120.133(A), which permits the Department of Rehabilitation and Correction to deduct payments toward a certified judgment from a prisoner's account without any other required proceeding in aid of execution, is merely one method of collection against defendants who are incarcerated (and therefore are most likely indigent).

{¶ 14} The purpose of determining before or during trial whether a defendant is indigent is to protect his or her constitutional rights, such as the right to counsel, from infringement caused by his or her indigency. *State v. Engle* (Mar. 19, 1999), Greene App. No. 98–CA–125, 1999 WL 147920. Thus, that protection does not shelter a convicted defendant from other burdens, such as court costs. Id.

{¶ 15} Finally, "costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system." *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 102, 49 O.O.2d 428, 253 N.E.2d 749. Therefore, although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money.

{¶ 16} Ultimately then, for purposes of collection, an indigent criminal defendant is really no different from any other indigent who owes a debt. Therefore, we hold that the state may use any collection method that is available for collection of a civil judgment for money, as well as the procedures set out in R.C.

5120.133 if the defendant is incarcerated. An indigent defendant also has available those defenses and protections that are available against civil collection methods, as well as those available under R.C. 5120.133.

## B. Appeal Issues

{¶ 17} We now examine the issue of when the appeal time for the assessment of court costs begins to run. Costs assessed in a criminal case must be included in the sentencing entry. R.C. 2947.23. However, the court of appeals held that a sentencing entry was not a final appealable order as to costs. Rather, it held that costs are not final and appealable until the clerk has prepared an itemized bill and there is an attempt to collect the costs. Finally, it held that collection could be attempted only when the defendant is no longer indigent. We disagree.

{¶ 18} In order to determine when the appeal time for costs begins to run, we must determine what constitutes a final appealable order for costs assessed under R.C. 2947.23. Appellate jurisdiction is limited to review of final orders. R.C. 2505.03. Final orders include those orders that affect a substantial right and in effect determine an action and prevent a judgment. R.C. 2505.02(B)(1). A "substantial right" for purposes of R.C. 2505.02 is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 19} In all criminal cases, costs must be included in the sentencing entry. R.C. 2947.23(A). The clerk of courts is responsible for generating an itemized bill of the court costs. R.C. 2949.14. However, even if the itemized bill is ready at the time of sentencing, "the specific amount due is generally not put into a judgment entry." *State v. Glosser*, 157 Ohio App.3d 588, 2004-Ohio-2966, 813 N.E.2d 1, ¶ 27 (Edwards, J., concurring). Therefore, a typical sentencing entry, like the one that sentenced Threatt, assesses only unspecified costs, with the itemized bill to be generated at a later date. Accordingly, we must determine whether a sentencing entry that assesses costs without specifying the amount of those costs lacks finality.

{¶ 20} "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241. For example, an order that determines liability but defers the determination of damages is not a final appealable order, because it does not in effect determine the action and prevent a judgment or otherwise meet the definition in R.C. 2505.02(B)(1). *State ex rel. A & D Ltd. Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 53, 671 N.E.2d 13. However, when the remaining issue "is mechanical and unlikely to produce a second appeal because only a ministerial task similar to *assessing costs* remains," then the order is final and appealable. (Emphasis added.) *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72.

{¶ 21} Pursuant to R.C. 2947.23, it is undisputed that trial courts have authority to assess costs against convicted criminal defendants. When a court assesses unspecified costs, the only issue to be resolved is the calculation of those costs and creation of the bill. Calculating a bill for the costs in a criminal case is merely a ministerial task. Therefore, we hold that failing to specify the amount of costs assessed in a sentencing entry does not defeat the finality of the sentencing entry as to costs. See *State v. Slater*, Scioto App. No. 01CA2806, 2002-Ohio-5343, 2002 WL 31194337, ¶ 5, fn. 3.

{¶ 22} Because costs may be collected from indigent defendants, there is no reason for a trial court to examine a defendant's "indigency status" prior to each attempt by the county to collect the costs. "If there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction, and the matter must be dismissed." *BCGS, L.L.C. v. Raab* (July 17, 1998), Lake App. No. 98–L–041, 1998 WL 552984, at *1. Accordingly, the court of appeals erred when it relied on *Glosser*, which held that a trial court must determine a defendant's "indigency status" each time the defendant contests an attempt to collect costs and that each of those determinations would become a final appealable order.

{¶ 23} Costs must be assessed against all defendants. R.C. 2947.23; *White*, 103 Ohio St.3d 580, 817 N.E.2d 393, at ¶ 8. However, we also held in *White* that a judge has discretion to waive costs assessed against an indigent defendant. Id. at ¶ 14. Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata. Accordingly, the sentencing entry is a final appealable order as to the assessment of costs.

## IV. Conclusion

{¶ 24} Having already held that costs may be collected from an indigent defendant in *White*, we now also hold that (1) when collecting court costs from an indigent criminal defendant, the state may use any collection method that is available to collect a civil money judgment or may use R.C. 5120.133 to collect from a prisoner's account; (2) a motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing; (3) the sentencing entry is a final appealable order as to costs; and (4) a court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard. R.C. 2947.23 and 2949.14.

{¶ 25} On August 13, 2003, Threatt pleaded guilty to the criminal charges. The court imposed a sentence and assessed costs by judgment on August 15,

2003.  However, Threatt did not file a motion to waive costs until September 23, 2003.  Therefore, Threatt failed to timely seek a waiver of the costs at sentencing and therefore has also waived any right to appeal the costs.  Accordingly, we reverse the judgment of the court of appeals and reinstate the order of garnishment.

Judgment reversed.

MOYER, C.J., RESNICK, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents for the reasons stated in his separate opinion in *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393.

---

John D. Ferrero, Stark County Prosecuting Attorney, and Kathleen O. Tatarsky, Assistant Prosecuting Attorney, for appellant.

J. Dean Carro and Kristina R. Powers, for appellee.