OPINION *Page 2 
{¶ 1} On October 2, 2002, the Muskingum County Grand Jury indicted appellant, Jeffrey Huggins, on one count of possession of drugs in violation of R.C. 2925.11, a felony of the third degree (Case No. CR2002-0234). On January 28, 2003, appellant pled guilty to an amended possession charge in the fifth degree. By entry filed March 12, 2003, the trial court sentenced appellant to three years of community control, subject to an alternative eleven month sentence, and ordered him to pay costs and a fine of $1,000.00.
 {¶ 2} On July 9, 2003, the Muskingum County Grand Jury indicted appellant on two counts of trafficking in drugs in violation of R.C.2925.03, one a felony of the third degree and one a felony of the second degree (Case No. CR-2003-0193). On February 11, 2004, appellant pled guilty to the trafficking charge in the second degree. The remaining count was dismissed. By entry filed March 11, 2004, the trial court sentenced appellant to three years in jail and ordered him to pay costs and a fine of $7,500.00.
 {¶ 3} On March 8, 2004, a community control violation hearing was held in Case No. CR2002-0234. Appellant admitted the violations. By entry filed March 11, 2004, the trial court imposed the eleven month sentence and ordered it to be served consecutively to the three year sentence in Case No. CR-2003-0193.
 {¶ 4} On December 14, 2005, appellant filed a motion to vacate or set aside costs and fines in each case. By entries filed March 21, 2006, the trial court denied the motions.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 6} "THE MUSKINGUM COUNTY COURT ERRED BY IMPOSING A MANDATORY FINE UPON DEFENDANT-APPELLANT; AN INDIGENT DEFENDANT, WITHOUT DETERMINING IF DEFENDANT-APPELLANT WAS INDIGENT OR NOT. OHIO REVISED CODE 2929.18(B)(1)."
 I {¶ 7} Appellant claims the trial court erred in imposing a mandatory fine. Specifically, appellant claims he was indigent and the trial court failed to determine if he was financially able to pay the fine. We disagree.
 {¶ 8} R.C. 2925.11 governs drug possession offenses. Subsection (E)(1)(a) states, "If the violation is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18
of the Revised Code unless, as specified in that division, the court determines that the offender is indigent."
 {¶ 9} Appellant's fines were imposed by the trial court on March 12, 2003 and March 11, 2004. No appeals were taken from these entries. On December 14, 2005, appellant filed a motion to vacate or set aside costs and fines in each case which the trial court denied on March 21, 2006.
 {¶ 10} The Supreme Court of Ohio recently reviewed this issue inState v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, filed March 15, 2006. The Threatt court at paragraph two of the syllabus, specifically held, "A motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing." Justice Lundberg Stratton explained at ¶ 23: *Page 4 
 {¶ 11} "Costs must be assessed against all defendants. R.C. 2947.23;White, 103 Ohio St.3d 580, 817 N.E.2d 393, at ¶ 8. However, we also held in White that a judge has discretion to waive costs assessed against an indigent defendant. Id. at ¶ 14. Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata."
 {¶ 12} In the case sub judice, the trial court imposed costs on March 12, 2003 and March 11, 2004. Appellant did not file a motion to vacate costs until December 14, 2005. Based upon the holding inThreatt, appellant "failed to timely seek a waiver of the costs at sentencing and therefore has also waived any right to appeal the costs."Threatt at ¶ 25.
 {¶ 13} The sole assignment of error is denied. *Page 5 
 {¶ 14} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed. By Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1