OPINION
{¶ 1} Defendant-Appellant, Roy A. Nichols, appeals the judgment of the Hardin County Court of Common Pleas, denying his motion to vacate payment of court costs. On appeal, Nichols asserts that the trial court erred in relying solely upon State v. Threatt, 108 Ohio St.3d 277,2006-Ohio-905, in denying his motion. Finding that the trial court did not err in relying on Threatt and that it properly overruled the motion to vacate payment of court costs, we affirm the judgment of the trial court.
 {¶ 2} In November 1998, the Hardin County Grand Jury indicted Nichols on one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree; one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; and, one count of receiving stolen property in violation of R.C. 2913.51(A), a misdemeanor of the first degree.
 {¶ 3} In December 1998, Nichols filed an affidavit of indigency and was appointed counsel. Subsequently, Nichols entered a plea of not guilty to all counts in the indictment.
 {¶ 4} In August 1999, Nichols withdrew his plea of not guilty and entered a negotiated plea of guilty to an amended count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and to the receiving stolen property count in exchange for a dismissal of the theft count. The trial court *Page 3 
accepted Nichols' guilty plea and convicted him on both counts. Thereafter, the trial court sentenced Nichols to a six-month prison term on the breaking and entering conviction, to be served consecutively to a separate sentence rendered in an Allen County case. The trial court sentenced Nichols to a six-month term of local incarceration on the receiving stolen property conviction, to be served concurrently to his breaking and entering sentence. Additionally, the trial court imposed court costs upon Nichols and ordered him to pay restitution. Nichols neither objected to the trial court's imposition of court costs during sentencing, nor directly appealed his conviction and sentence.
 {¶ 5} In April 2007, Nichols filed a motion captioned "Motion to Vacate Payment of Court Costs, Fines, Mandatory Fines and/or Restitution," alleging that he was indigent, unable to pay, and that collection of the monies would work an undue hardship upon him. Subsequently, the trial court summarily overruled Nichols' motion, finding that "since [Nichols] did not raise these issues at the time of sentencing, he has waived his right to raise them now, See State v.Threatt, 108 Ohio St.3d 277, 2006-Ohio-905." (April 2007 Entry, p. 1).
 {¶ 6} It is from this judgment that Nichols appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED IN RELYING SOLELY UPON STATE V. THREATT, 108 OHIO ST.3D 277 IN DENYING APPELLANT'S MOTION TO VACATE PAYMENT OF COURT COSTS. *Page 4 
 {¶ 7} In his sole assignment of error, Nichols asserts that the trial court erred by relying upon Threatt in denying his motion to vacate payment of court costs. Specifically, Nichols contends that, although he failed to preserve the issue by not raising it during sentencing, the trial court was still statutorily required to consider his present and future ability to pay court costs and attorney fees, which it failed to do. We disagree.
 {¶ 8} R.C. 2947.23 governs imposition of court costs and provides, in pertinent part:
 In all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.
R.C. 2947.23(A)(1). Thus, the plain language of the statute requires a court to impose court costs upon any convicted criminal defendant, regardless of indigency status. State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, ¶ 8. Not only is a trial court authorized to assess court costs against an indigent defendant, but also it may collect those costs from an indigent defendant. Id. at ¶ 14. Moreover, R.C. 2949.092
authorizes a trial court to waive payment of court costs for indigent defendants under certain circumstances, but it is not required to do so. Id. at ¶¶ 8, 14. However, an indigent defendant must move to waive payment of court costs "at the time of sentencing. * * * Otherwise, the issue is waived and costs are res judicata." Threatt, 108 Ohio St.3d at ¶ 23. *Page 5 
 {¶ 9} Here, Nichols failed to move for a waiver of payment of court costs at sentencing, did not appeal his conviction and sentence, and did not raise the issue of court costs until April 2007, over seven years after the appropriate time to do so had passed. Consequently, we find that Nichols waived the issue of payment of court costs and was barred from raising it under the doctrine of res judicata. Threatt, 108 Ohio St.3d at ¶ 23.
 {¶ 10} Moreover, Nichols' reliance on State v. Berry, 6th Dist. No. L-05-1048, 2007-Ohio-94, to support his assertion that we can still consider the issue of payment of costs and appointed counsel fees is misplaced. Regarding court costs, Berry clearly held that the defendant there did not preserve the issue for appeal because she failed to move for a waiver of court costs at the time of sentencing. Id. at ¶ 53, citing Threatt, 108 Ohio St.3d at ¶ 23. Regarding appointed counsel fees, Berry did find that the trial court failed to comply with the statutory requirements under R.C. 2929.18 and 2941.51(D) and reversed and remanded on that issue. Id. at ¶¶ 56-57. Thus, our finding regarding court costs is consistent with both Threatt and Berry because imposition of court costs and imposition of appointed counsel fees are governed by separate statutory provisions.
 {¶ 11} Additionally, the trial court in Berry specifically ordered the defendant to pay appointed counsel fees, while the trial court here only ordered *Page 6 
Nichols to pay court costs and restitution.[1] Since the trial court did not order Nichols to pay appointed counsel fees, Berry's holding regarding R.C. 2929.18 and 2941.51 is inapplicable. Therefore, we find that the trial court properly relied on Threatt and properly denied Nichols' motion to vacate payment of court costs.
 {¶ 12} Accordingly, we overrule Nichols' assignment of error.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur.
[1] We note that Nichols did not address the order of restitution in his assignment of error or in his appellate brief. Therefore, we do not address it here. *Page 1