OPINION
{¶ 1} On June 18, 2007, the Stark County Grand Jury indicted appellant, Lawrence Duecaster, on one count of breaking and entering in violation of R.C. 2911.13, one count of theft in violation of R.C. 2913.02, and one count of possessing criminal tools in violation of R.C. 2923.24. On July 2, 2007, appellant pled guilty as charged. By judgment entry filed July 10, 2007, the trial court sentenced appellant to an aggregate term of nine months in prison, and ordered appellant to pay the costs of the prosecution. No appeal was taken.
 {¶ 2} On October 11, 2007, appellant filed a motion to postpone court costs and to establish a payment plan. By judgment entry filed October 18, 2007, the trial court denied said motion. No appeal was taken.
 {¶ 3} On December 11, 2007, appellant filed a motion for proposal to pay court costs by payment plan. By judgment entry filed December 18, 2007, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App. R. 16(A)(3), we glean the following assignment from appellant's arguments:
 I {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO ESTABLISH A PAYMENT SCHEDULE OF $8.00 PER MONTH AND/OR VACATE COURT COSTS." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in denying his motion to establish a payment schedule for court costs or in the alternative, vacate the order of court costs. We disagree.
 {¶ 7} On July 10, 2007, the trial court sentenced appellant to an aggregate term of nine months in prison, and ordered appellant to pay the costs of the prosecution. This was a final appealable order as it affected a substantial right and determined the action. See, State v.Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph two of the syllabus. Appellant did not file an appeal from the July 10, 2007 judgment entry regarding the imposition of court costs.
 {¶ 8} Thereafter, appellant filed a motion to postpone court costs and to establish a payment plan. By judgment entry filed October 18, 2007, the trial court denied said motion. No appeal was taken from the October 18, 2007 judgment entry denying his request for a payment plan.
 {¶ 9} Appellant again filed a motion to pay court costs by payment plan. By judgment entry filed December 18, 2007, the trial court denied the motion which is the basis for this appeal.
 {¶ 10} Appellant failed to appeal the initial imposition of court costs and then failed to appeal the trial court's October 18, 2007 denial to establish a payment plan. Based upon the doctrine of res judicata, appellant cannot continue to file the same motion and then finally appeal the trial court's decision on an issue that had previously been decided. The doctrine of res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out *Page 4 
of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 11} The sole assignment of error is denied.
 {¶ 12} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1