[Cite as *State v. Haughawout*, 2012-Ohio-2585.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 JE 24 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| THOMAS HAUGHAWOUT, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
Court, Case No. 11 CR 25.

JUDGMENT:      Affirmed.


APPEARANCES:
For Plaintiff-Appellee:      No Brief Filed.


For Defendant-Appellant:      Thomas Haughawout, Pro-se
601-384 7A 42
Belmont Correctional Inst.
P.O. Box 540
St. Clairsville, OH  43950-0540


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


Dated:  June 4, 2012


DeGenaro, J.

{¶1} Pro-se Defendant-Appellant, Thomas Haughawout, appeals the August 8, 2011 judgment of the Jefferson County Court of Common Pleas denying his motion to waive court costs, fines and fees without a hearing. Haughawout contends that the court abused its discretion in overruling his motion because his indigency is a matter of record and therefore he should not be obligated to pay costs in this matter.

{¶2} Haughawout's argument is meritless. The payment of the costs of supervision, confinement and prosecution was ordered as part of Haughawout's sentencing entry from which he did not file an appeal. Any attempt to challenge the imposition of those sanctions in this appeal is barred by res judicata because Haughawout could have, but did not, raise this issue on direct appeal. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} On February 24, 2011, Haughawout was charged by complaint with two counts of pandering sexually oriented matter involving a minor, fourth-degree felonies (R.C. 2907.322(A)(5)), and two counts of pandering obscenity involving a minor, also fourth-degree felonies (R.C. 2907.321(A)(5)). He filed an affidavit of indigency and counsel was appointed to represent him. Haughawout consented to be prosecuted by a Bill of Information pursuant to Crim.R. 7 and R.C. 2941.021. The Bill of Information, filed that same day, only included two counts, both for pandering sexually oriented matter involving a minor, fourth-degree felonies (R.C. 2907.322(A)(5)).

{¶4} Haughawout's combined plea and sentencing hearing was held on March 30, 2011. A transcript of this hearing was not included in the record on appeal. On April 1, 2011, the trial court issued a judgment entry convicting Haughawout, upon his guilty plea, of the two counts contained in the Bill of Information and sentencing him to 12 months on each count to be served consecutively for an aggregate term of two years imprisonment, along with five years of mandatory post-release control. The entry noted that Haughawout had entered into a negotiated plea with the State and that the court was imposing the sentence jointly recommended by the parties. The trial court ordered Haughawout to pay the costs of supervision, confinement and prosecution as authorized

by law, including fees permitted pursuant to R.C. 2929.18(A)(4). No fine was ordered. Haughawout did not file an appeal from the sentencing entry.

{¶5} On July 27, 2011, Haughawout filed a pro-se motion to "motion to waive court costs, fines and fees," in which he asserted he was unable to pay the court costs as ordered because he lacked the financial resources to do so. He filed another affidavit of indigency to accompany this motion. The trial court overruled Haughawout's motion to waive costs without a hearing on August 8, 2011. The State has not filed an appellee's Brief.

### Motion to Waive Costs

{¶6} In his sole assignment of error, Haughawout asserts:

{¶7} "The trial court abused its discretion when it denied Haughawout's motion to waive court costs, fines and fees."

{¶8} First, the record reveals that the trial court did not impose any fines upon Haughawout, only costs and fees as follows: "Defendant is ordered to reimburse the State of Ohio and the County of Jefferson for costs of supervision, confinement and prosecution as authorized by law, including fees permitted pursuant to R.C. 2929.18(A)(4). This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor they are entered." A cost bill was filed that same day. Haughawout did not move the trial court to waive costs until nearly four months later, on July 27, 2011.

{¶9} Haughawout asserts that because his indigence was a matter of record, the trial court abused its discretion by denying his motion to waive costs. In *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, the Ohio Supreme Court held that R.C. 2947.23 requires a court to assess costs against all convicted defendants, including indigent defendants. *White* at ¶ 8. The court also recognized that a court may waive payment of costs by indigent defendants. *White* at ¶ 8, 14; *State v. Threatt*, 108 Ohio St.3d 277, 843 N.E.2d 164, 2006-Ohio-905, ¶ 1.

{¶10} Pursuant to *Threatt*, any request by an indigent defendant to waive payment of costs must be made by motion at sentencing. In the absence of a motion for waiver at

that time, the issue is waived and a subsequent challenge to the obligation to pay costs is barred by res judicata:

> Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata. *Threatt* at ¶ 23.

**{¶11}** Under *Threatt*, Haughawout's motion to waive costs is barred by res judicata. Nothing in the record demonstrates that Haughawout moved the trial court to waive costs during the sentencing. A transcript of the sentencing hearing was not included in the appellate record, and it is Haughawout's burden to provide this court with a complete record. *State v. Carr,* 7th Dist. No. 01 CA 162, 2003-Ohio-331, ¶ 23, citing App.R. 9(B). In addition there was no written motion made at the time of sentencing to waive costs. And in any event, Haughawout does not assert in his recitation of the procedural history of this case that he moved to waive costs at the time of sentencing. Thus, pursuant to *Threatt*, Haughawout has waived appellate review of this issue.

**{¶12}** Because Haughawout's sole assignment of error is barred by res judicata, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.