[Cite as *State vs. Hill*, 2015-Ohio-335.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| KENNETH HILL | : | Case No. 14CA71 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Richland County
                               Court of Common Pleas, Case No.
                               2005-CR-0147D



JUDGMENT:                      Affirmed



DATE OF JUDGMENT:              January 29, 2015



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BAMBI COUCH PAGE                          KENNETH HILL, Pro Se
Prosecuting Attorney                      Inmate No. A553-178
                                          Lebanon Correctional Institution
By: JOHN C. NIEFT                         P.O. Box 56
Assistant Prosecuting Attorney            Lebanon, OH 45036-0056
38 South Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1}   Defendant-appellant Kenneth Hill appeals from the August 19, 2014 Judgment Entry of the Richland County Court of Common Pleas overruling his Motion of Waiver of  Payment of Court Costs. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 9, 2005, the Richland County Grand Jury indicted appellant on one count of attempted murder with a firearm specification, one count of felonious assault with a firearm specification, and one count of having weapons under disability. At his arraignment on March 11, 2008, appellant entered a plea of not guilty to the charges.

{¶3}   At the conclusion of appellant's trial, the jury found appellant guilty of all charges and specifications in the indictment. Pursuant to a Sentencing Entry filed on August 22, 2008, the trial court sentenced appellant to ten years on the attempted murder charge, three years consecutive on the firearm specification, and five years consecutive on the weapons under disability charge. Thus, appellant's aggregate sentence was 18 years. The trial court also ordered appellant to pay court costs and restitution to the victim for medical expenses and imposed five years of post release control on appellant. The amount of the restitution, however, was not specified.

{¶4}   After finding that there was no final appealable order from which an appeal could be taken because the manner of conviction was not specified, this Court sua sponte dismissed appellant's original appeal. Appellant was resentenced as memorialized in an Amended Sentencing Entry that was filed on February 5, 2009. The Amended Sentencing Entry also ordered appellant to pay court costs and restitution and

imposed five years of post release control on appellant. Appellant then appealed, arguing that his right to a speedy trial was violated and that his convictions were against the manifest weight of the evidence. This Court, in an Opinion filed on June 30, 2010 in *State v. Hill*, 5th Dist. Richland No. 2009-CA-25, 2010-Ohio-3102, affirmed the judgment of the trial court.

{¶5}   Thereafter, on July 28, 2011, appellant filed a Motion to Resentence Defendant, arguing that the August 22, 2008 Sentencing Entry was not a final appealable order because it did not specify the manner of conviction. Appellee, in its response to such motion, noted that the August 22, 2008 Sentencing Entry had been amended  after  appellant's first appeal was dismissed and that the subsequent Amended Sentencing Entry that was filed on February 5, 2009  did contain the manner of conviction. The trial court overruled appellant's motion as memorialized in a Judgment Entry filed on December 21, 2011.

{¶6}   On July 11, 2012, appellant filed a Motion for Issuance of a Final Appealable Order. Appellant, in his motion, argued that the February 5, 2009 Amended Sentencing Entry was not final because it did not specify an amount of restitution.  In an Order filed on November 14, 2012, the trial court stated that such Entry was a final appealable order and noted that appellant had already appealed such Entry to this Court. The trial court stated that appellant "had a final appealable entry or he would not have been able to prosecute his appeal." The trial court, however, stated that it was amending the Sentencing Entry to show that no restitution was owed because no medical bills had been submitted to the trial court. A Second Amended Sentencing

Entry was filed on November 14, 2012 that did not order appellant to pay restitution to the victim.

{¶7} Subsequently, appellant, on July 28, 2014, filed a Motion of Waiver of Payment of Court Costs pursuant to Crim.R. 43(A) and R.C. 2947.23(A). Appellant, in his motion, argued that the trial court, at his August 21, 2008 sentencing hearing, never addressed court costs, thereby depriving him of his opportunity to challenge his ability to pay the same. The trial court overruled appellant's motion via a Judgment Entry filed on August 19, 2014.

{¶8} Appellant now raises the following assignment of error on appeal:

{¶9} THE TRIAL COURT ERRED WHEN IT FAILED TO ADDRESS THE IMPOSITION OF COURT COSTS IN OPEN COURT, BUT INCLUDED SUCH COSTS IN THE SENTENCING ENTRY.

I

{¶10} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his July 28, 2014 Motion of Waiver of Payment of Court Costs.

{¶11} Pursuant to R.C. 2947.23(A)(1)(a), a trial court in all criminal cases shall render judgment against a defendant for court costs. In this case, the trial court accessed court costs against appellant as required by statute. Appellant did not object to the payment of court costs at the time of sentencing, and did not raise the issue of court costs in his direct appeal. Nor did appellant appeal from the trial court's November 14, 2012 Second Amended Sentencing Entry which ordered appellant to pay court costs.

{¶12} Because appellant failed to object or appeal the order of court costs, the issue is res judicata as defined in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus**:**

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶13} *See, State v. Threatt,* 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164; *State v. Snelling,* 5th Dist. Richland No. 13CA3, 2013–Ohio–4180.

{¶14} Appellant's sole assignment of error is, therefore overruled.

{¶15} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.