[Cite as *State v. Speelman*, 2016-Ohio-3409.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| NATHANIEL A. SPEELMAN | : | Case No. 15-COA-045 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 15-CRI-014

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 9, 2016


APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER E. BALLARD
110 College Street
3rd Street
Ashland, OH 44805

For Defendant-Appellant

RUTH R. FISCHBEIN-COHEN
3552 SEVERN ROAD
Cleveland, OH 44118

*Farmer, P.J.*

{¶1} On May 14, 2015, the Ashland County Grand Jury indicted appellant, Nathaniel Speelman, on one count of pandering sexually oriented material involving a minor in violation of R.C. 2907.322, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of endangering children in violation of R.C. 2919.22. Said charges arose from a video sent from appellant to the cell phone of Kim Crigger.

{¶2} A jury trial commenced on October 27, 2015. The jury found appellant guilty of the pandering count and not guilty of the gross sexual imposition count. The endangering count had been dismissed. By judgment entry filed December 2, 2015, the trial court sentenced appellant to two years in prison, imposed a $500 fine, and ordered him to pay court costs.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "COUNSEL WAS INEFFECTIVE BY FAILING TO MOVE THE COURT TO WAIVE COSTS AND IN FAILING TO FILE AN AFFIDAVIT OF INDIGENCY."

II

{¶5} "COUNSEL WAS INEFFECTIVE BY FAILING TO MOVE THE COURT TO SUPPRESS THE EVIDENCE."

I, II

{¶6} Appellant claims his trial counsel was ineffective for failing to file a motion for the waiver of costs, an affidavit of indigency, and a motion to suppress. We disagree.

{¶7}   The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶8}   This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight."  *State v. Post,* 32 Ohio St.3d 380, 388 (1987).

FAILURE TO REQUEST A WAIVER OF COSTS/FILE AN AFFIDAVIT OF INDEGENCY

{¶9}   Pursuant to R.C. 2947.23(A)(1)(a): "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs."  Subsection (C) states: "The

court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."

{¶10} Even though a person is indigent, a trial court may still assess costs. *State v. Threatt,* 108 Ohio St.3d 277, 2006-Ohio-905.

{¶11} During the sentencing hearing held on November 30, 2015, defense counsel, in an effort to place appellant in the best light for sentencing and argue for community control, argued appellant was "working full time during the entire pendency of the matter." November 30, 2015 T. at 4. Defense counsel stated appellant worked as a "mechanic for the last couple of years, making $14 an hour, and when you gave him the opportunity to be out following the trial, he picked that employment back up immediately, and it's my understanding that if he were given an opportunity on Community Control, that job would continue to remain available to him." *Id.* at 4-5. Defense counsel requested the suspension of a fine, arguing "despite the fact that he has been working because he has been in and out of jail, his finances are such that he would qualify as indigent." *Id.* at 10.

{¶12} With these assertions and the presentence investigation report, the trial court made a specific finding that appellant had "the future ability to be employed and pay financial sanctions" and imposed a fine of $500 and court costs. *Id.* at 17-18. We note appellant did not have court appointed trial counsel.

{¶13} Although defense counsel did not file an affidavit of indigency in the trial court case, given the facts of appellant's employment history as argued by defense counsel, the private retention of counsel, and the trial court's reliance on "future ability,"

we find appellant has not shown that the results would have been different had a formal motion for waiver and an affidavit of indigency been filed.

{¶14}  Upon review, we do not find any evidence of deficiency of defense counsel on this issue.

FAILURE TO FILE A MOTION TO SUPPRESS

{¶15}  Appellant challenges the seizure of his cell phone.  He argues the seizure and viewing of a video on his cell phone without a warrant was unlawful, citing *State v. Smith,* 124 Ohio St.3d 163, 2009-Ohio-6426, syllabus, in support ("[t]he warrantless search of data within a cell phone seized incident to a lawful arrest is prohibited by the Fourth Amendment when the search is unnecessary for the safety of law-enforcement officers and there are no exigent circumstances").

{¶16}  As stated by this court in *State v. Lavelle,* 5th Dist. Stark No. 07 CA 130, 2008-Ohio-3119, ¶ 47:

> Trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel.  *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000-Ohio-0448.  Counsel can only be found ineffective for failing to file a motion to suppress if, based on the record, the motion would have been granted.  *State v. Cheatam,* 5th Dist. No. 06-CA-88, 2007-Ohio-3009, at ¶ 86.

{¶17}  In order to review this issue, we must turn to the trial testimony.  Kim Crigger went to the Ashland Police Department to report the receipt from appellant of a strange

video of appellant and a child via her cell phone. T. at 8, 219-220. She showed the video sent to her cell phone to the police. T. at 8-9. The police accompanied Ms. Crigger to appellant's apartment. T. at 10. The police confronted appellant about the video and advised him of his rights. T. at 12. Appellant admitted to recording the video on his iPhone and at that time, the police seized his cell phone. *Id.* Appellant "was okay with that" and voluntarily relinquished his passcode. T. at 13.

{¶18} Because the police had already viewed the video and had possession of it via Ms. Crigger's cell phone, appellant was not prejudiced by the seizure of his cell phone.

{¶19} In addition, the inevitable discovery rule as set forth in *State v. Perkins,* 18 Ohio St.3d 193 (1985), syllabus, also applies ("[t]he ultimate or inevitable discovery exception to the Exclusionary Rule is hereby adopted so that illegally obtained evidence is properly admitted in a trial court proceeding once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation"). Police had already viewed the video on Ms. Crigger's cell phone and appellant had admitted to making the video, providing ample probable cause to obtain a search warrant. Further, appellant's relinquishment of his passcode to unlock the cell phone was at the least a tacit consent to its seizure.

{¶20} Based upon the facts disclosed at trial, we fail to find that a motion to suppress would have been successful.

{¶21} Upon review, we do not find any evidence of deficiency of defense counsel on this issue.

{¶22} Assignments of Error I and II are denied.

{¶23} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/sg 520