[Cite as *State v. Hoffman*, 2017-Ohio-7584.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 BE 0010 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DONNA JEAN HOFFMAN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the County Court,
                                 Northern Division, of Belmont County,
                                 Ohio
                                 Case No. 16 TRD 0056

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Daniel P. Fry
                                 Belmont County Prosecutor
                                 Atty. Helen Yonak
                                 Assistant Prosecuting Attorney
                                 147-A West Main Street
                                 St. Clairsville, Ohio  43950

For Defendant-Appellant:         Atty. Timothy Young
                                 Ohio Public Defender
                                 Atty. Peter Galyardt
                                 Assistant State Public Defender
                                 250 East Broad Street, Suite 1400
                                 Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  September 11, 2017

WAITE, J.

{¶1} Appellant Donna Jean Hoffman appeals the sentence of the Northern Division Court of Belmont County following her conviction for driving under a suspended license in violation of R.C. 4510.11. It was Appellant's third offense for driving under a suspended license in approximately two years and she was serving probation for a previous conviction when the instant offense occurred. Appellant argues that her financial situation has forced her into a situation where she cannot afford the fees associated with obtaining a valid driver's license and that she needs transportation to work in order to maintain employment and care for her handicapped husband and her child. Appellant contends the trial court abused its discretion in failing to order intermittent prison service as she requested in order to permit her to keep her job and earn sufficient funds to obtain a valid driver's license. Appellant also contends the trial court imposed a greater fine in the written judgment entry than was stated in open court. The sentence of the trial court was within the statutory guidelines and the trial court did not abuse its discretion in refusing Appellant's request for intermittent service based on all of the relevant factors and Appellant's multiple offenses. Moreover, the fine imposed in open court is identical to the fine imposed in the judgment entry. While court costs and public defender costs were more specifically addressed in the judgment entry, imposition of these costs were within the court's discretion. Appellant's assignments of errors are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}**   On January 16, 2016, Appellant was cited by the Bridgeport Police Department for driving under a suspended license in violation of R.C. 4510.11.   On January 20, 2016, Appellant appeared for arraignment and requested appointed counsel.   On February 17, 2016, Appellant appeared with counsel and entered a plea of guilty to the charge.   She also requested additional time to pay her fines and obtain a valid driver's license.   At this hearing, the trial court informed Appellant that she would be granted time to obtain a valid license but that at sentencing she would still face certain consequences for her behavior because she was on probation for a previous driving under a suspended license conviction when the instant offense occurred.  (2/17/16 Tr., p. 11.)   The sentencing hearing was scheduled for March 16, 2016, and Appellant was given until that date to obtain a valid license.

**{¶3}**   Appellant appeared on March 16, 2016 for sentencing.   The court inquired whether Appellant had obtained a valid driver's license.   Appellant stated that she had not, because she did not have funds available to pay for her suspension.   The state did not seek to revoke her probation.   The court proceeded to sentence Appellant to 180 days in jail, with all but 30 days suspended, and fined her $100 plus court costs.   At the hearing, Appellant requested that she be allowed to serve her jail sentence in intermittent periods, on weekends, so that she could continue to work during the week, explaining that she provided for her son and her handicapped husband.   The judge denied this request stating, "Ms. Hoffman, I was a little lenient in the 30 days I imposed.   You were on probation for this very offense. So you will do 30 days in the Belmont County Jail."  (3/16/16 Tr., p. 10.)

**{¶4}** Appellant filed a motion for stay of execution which was granted by the trial court. Appellant filed this timely appeal.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO IMPOSE THE REQUESTED INTERMITTENT JAIL SENTENCE. R.C. 2929.21; R.C. 2929.22; R.C. 2929.24; R.C. 2929.26; R.C. 5147.28.

**{¶5}** Appellant contends the trial court abused its discretion in denying her request to serve an intermittent sentence due to the compelling facts of her case. She argues that she is in dire financial straits and that she is the sole earner in the family, which consists of a son and a handicapped husband.

**{¶6}** An appellate court reviews misdemeanor sentences utilizing an abuse of discretion standard. R.C. 2929.22(A). The trial court "has discretion to determine the most effective way to achieve the purposes and principles of sentencing" for misdemeanor offenses. *Id.* An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶7}** The misdemeanor sentencing statute states that a sentencing court "shall be guided by the overriding purposes of misdemeanor sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A).

**{¶8}** The statute provides a list of factors that the court must consider when sentencing. R.C. 2929.22(B)(1). These include the "nature and circumstances of the offense," the likelihood of recidivism, and whether there is a risk that the defendant will be a danger to others. *Id.* The court may also consider any other relevant factors. R.C. 2929.22(C). However, the sentencing court "shall not impose a [misdemeanor] sentence that imposes an unnecessary burden on local government resources." R.C. 2929.22(A).

**{¶9}** The sentencing court must consider the factors enumerated in R.C. 2929.22 but is not obligated to discuss its considerations on the record or make explicit findings to support the sentencing. *State v. Hall,* 2d Dist. No. 24753, 2012-Ohio-1571, ¶ 18. There is a presumption that the trial court considered the required statutory misdemeanor sentencing factors and "the burden rests on the defendant to rebut the presumption that the trial court considered the sentencing criteria." *City of Whitehall v. Wildi,* 10th Dist. No. 01AP-762, 2002-Ohio-1035, 2002 WL 378100, *4. To rebut the presumption and demonstrate an error in sentencing, the defendant must make "an affirmative showing that the trial court failed to consider the factors in R.C. 2929.22." *Hall* at ¶ 19.

**{¶10}** Appellant has not affirmatively demonstrated that this trial court failed to consider the statutory factors enumerated in R.C. 2929.22. Without citing to the record, Appellant instead contends that her financial situation is so dire that the decision to fail to allow her to serve a sentence of intermittent confinement amounts to an abuse of discretion. Serving a sentence of imprisonment through intermittent

confinement is permitted under the law. See R.C. 2929.24(B)(1) and R.C. 2929.26(B)(1). However, no defendant has an automatic right to such a sentence. Although it does appear to us based on this record that the trial court could have granted Appellant's request for intermittent confinement, other factors were involved which, according to the judge, weighed in favor of denying this request. We cannot find that the trial court acted unreasonably, arbitrarily or unconscionably in denying Appellant's request after reviewing the factors enumerated by the court below. Because it appears the trial court considered the relevant factors and this record reveals no abuse of discretion in the trial court's determination, we must affirm that decision.

{¶11} The trial court specifically informed Appellant at the plea hearing that, although she may obtain a valid license in the meantime, she would still suffer the consequences of her actions due to her conduct. At the sentencing hearing, the trial court noted that although her financial situation may be of great concern to her, Appellant placed herself in her current situation noting, "[i]f you hadn't driven, you're not in this courtroom." (3/16/16 Tr., p. 7.) Moreover the court noted that Appellant continued to drive although she knew she had no license, no insurance, and was currently on probation for the identical offense. The record shows this was her third such of offense in a two-year period. These facts were recognized by the trial court and certainly comport with the goals of the misdemeanor sentencing guidelines. The court noted that the risk of Appellant continuing to drive without a valid license or

adequate insurance poses a risk to other innocent drivers should an accident occur, and that this was just one example of the dangers posed by Appellant's behavior.

{¶12} As the record is devoid of evidence that Appellant demonstrated any error on the part of the trial court in its denial of intermittent confinement, we conclude Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED WHEN IT IMPOSED A GREATER FINE IN THE ENTRY THAN THAT IMPOSED IN OPEN COURT. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION; CRIM.R. 43(A).

{¶13} In her second assignment of error, Appellant contends the trial court erred in imposing a fine in the written judgment entry of sentence which was greater than the fine imposed in open court at the sentencing hearing.

{¶14} Appellant was convicted of driving under a suspended license in violation of R.C. 4510.11, a misdemeanor of the first degree. The maximum fine for a first degree misdemeanor is $1000. The trial court noted at sentencing that Appellant was fined $100 plus court costs. The written judgment entry of sentence reflected this $100 fine and specifically included $105 in court costs and the cost of the public defender fee of $25.

{¶15} R.C. 2949.111(A)(1) defines "court costs" as "any assessment that the court requires an offender to pay to defray the costs of operating the court." Pursuant

to R.C. 2947.23, the sentencing court is required to "include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." Court costs are distinct from the criminal punishment, because "although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Threatt,* 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15. Thus, an order for an offender to pay court costs is essentially a contract on a debt where the court is the creditor and the offender, the debtor. *State v. Lamb,* 163 Ohio App.3d 290, 2005-Ohio-4741, 837 N.E.2d 833, ¶ 13 (2d Dist.).

{¶16} In the instant case, the trial court imposed a fine of $100 at the hearing and also in the written judgment of sentence. Also included in the judgment entry were the court's costs and the public defender fee, both permissible under the statute. Appellant was ordered to pay court costs at the sentencing hearing. There is no evidence in the record that the trial court intended to impose a greater fine on Appellant, and the fine imposed is far below the statutory maximum fine of $1,000 permitted under the statute. While the exact amounts of the costs imposed were not specified at hearing, and were made explicit in the entry, Appellant was clearly sentenced to both a fine and costs at the hearing. The trial court did not err in imposing this sentence on Appellant. Appellant's second assignment of error is without merit and is overruled.

{¶17} Based on the foregoing, as Appellant committed a first degree misdemeanor of driving under a suspended license, was a multiple offender, and committed the instant offense while on probation for a previous conviction, the trial court did not err in denying Appellant's request for intermittent confinement. Additionally, the fine imposed along with court costs was permissible under the statute for a first degree misdemeanor and the trial court also did not err in sentencing Appellant to her fine and costs. Appellant's assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.