[Cite as *State v. Fambro*, 2022-Ohio-2203.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-T-0042 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| WILLIAM L. FAMBRO, | Trial Court No. 2015 CR 00848 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: June 27, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, William L. Fambro, appeals the order of the trial court purporting to grant his "Motion for Modification of Costs" and permitting him to pay $20.00 per month towards court costs. For the following reasons, we affirm the decision of the court below.

{¶2} In 2016, Fambro was convicted of Aggravated Murder, Aggravated Robbery, and Having Weapons While Under Disability. *See State v. Fambro*, 11th Dist.

Trumbull No. 2016-T-0063, 2017-Ohio-5646.  Relevant to the present appeal, Fambro's

June 9, 2016 Entry on Sentence included the following:

> 3.  Fines are waived due to indigence of the Defendant.

> 4.  The Defendant shall pay the costs of prosecution taxed in the amount of $____ costs for which execution is awarded.

{¶3}  On April 30, 2021, Fambro addressed a letter (dated April 19) to the court

inquiring about money that he had been charged.  Attached to the letter was a printed

statement for the "legal cash book" account associated with his trial court number.  The

statement documented payments received in the amount of $3,263.35.  Fambro asked

the court regarding the origin of these fees charged, why did he have to pay them when

he was indigent, and whether it was possible for him to get his money back.

{¶4}  On August 19, 2021, Fambro addressed another letter (dated July 28) to

the court requesting "that you order that the full amount of $3263.35 be reimbursed to me

and refunded to my prison trust account" on the grounds that, when sentenced, the court

"waiv[ed] all fines and costs due to the indigence of the Defendant."

{¶5}  On the same date, the trial court issued an Entry stating that "Defendant's

Motion for Modification of Court costs is **granted**," and that "Defendant is permitted to pay

$20.00 per month towards court costs."

{¶6}  On October 18, 2021, with leave of this court, Fambro filed a Notice of

Appeal.  On appeal, he raises the following assignment of error: "The Trial Court Erred

by Construing and Ruling as it did on Appellant's 'Motion to Modify Court Costs.'"

{¶7}  Fambro's position on appeal is that "the trial court did not intend for the

balance of costs to be paid, and thus those payments [$3,263.35] should not have been

collected and should be refunded."  That the court intended to waive the payment of costs

2

may be inferred from the facts that it did not specify the amount of court costs in the sentencing entry and that Fambro, serving a life sentence without the possibility of parole, "would (armed only with his $20 monthly state pay) not be in a position to escape indigency and have the ability to pay the costs." Brief of Appellant at 6.

{¶8} The Ohio Supreme Court has stated the law with respect to the imposition and waiver of court costs as follows:

> By statute, the imposition of court costs on all convicted defendants is mandatory. R.C. 2947.23(A)(1)(a) reads: "In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." (Emphasis added.) As we have explained, this strict statutory language "*requires* a court to impose costs against all convicted defendants," indigent or not. (Emphasis sic.) *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.
>
> But R.C. 2947.23(C) gives a trial court continuing jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." So, while the court must impose costs, it may also waive, suspend, or modify them. "[W]aiver of costs is permitted—but not required—if the defendant is indigent." *White* at ¶ 14.

*State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 6-7. "A court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph four of the syllabus.

{¶9} We agree that Fambro's letters to the court cannot be properly construed as motions for the modification of costs. Nor can they properly be construed as motions to waive or suspend costs. A plain reading of the letters demonstrates that Fambro is seeking reimbursement for court costs which he believes the court did not impose as part

3

Case No. 2021-T-0042

of his sentence on account of his indigency. As stated in a letter attached to his Notice of Appeal: "[Y]ou [Your Honor] had previously decided on 06/07/2016 that I would not be charged with court costs, fines or fees due to my being indigent. * * * I am requesting reimbursement for the court costs, fees and/or fines that I paid while indigent."

{¶10} There are several issues with Fambro's position. First, the sentencing entry expressly stated that Fambro "shall pay the costs of prosecution," although it did not specify what that amount would be. In contrast, the same entry stated that "[f]ines are waived due to indigence." The failure to fix the amount of costs at sentencing does not obviate Fambro's obligation to pay them. The Ohio Supreme Court has recognized that "a typical sentencing entry * * * assesses only unspecified costs, with the itemized bill to be generated at a later date." *Threatt* at ¶ 19. Moreover, on July 8, 2016, the State submitted a "Cost Bill" including a "Statement of Costs" to the court. Fambro was aware of this submission as it prompted him to write the court on two occasions (April 10 and May 9, 2017) requesting the court to set up a payment plan. On May 9, the court granted the request and ordered Fambro "to pay a monthly payment plan of Five Dollars in this case." Fambro must have realized prior to 2021 that court costs had been assessed against him.

{¶11} While Fambro did not seek a modification of costs, we find no error in the trial court's order that Fambro "is permitted to pay $20.00 per month towards court costs." This language is permissive rather than mandatory and is directed toward Fambro rather than the institution where he is presently incarcerated. *See State v. Stoutamire*, 11th Dist. Trumbull No. 2020-T-018, 2020-Ohio-4533, ¶ 18 ("[w]e do not construe the trial court's order that Stoutamire make monthly payments of five dollars as self-executing").

4

In any event, there is only an outstanding balance of $6.00 owed for costs in Fambro's case.

{¶12} The sole assignment of error is without merit.

{¶13} For the foregoing reasons, the trial court's decision to permit Fambro to pay $20.00 per month towards court costs is affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2021-T-0042