[Cite as *State v. Back*, 2020-Ohio-451.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RICKIE BACK, | : | Case No. 2019-COA-028 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Ashland County
                                 Court of Common Pleas, Case No.
                                 19-CRI-045

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                February 10, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    RUTH R. FISCHBEIN-COHEN
Ashland County Prosecuting Attorney       3552 Severn Road
                                          Cleveland, Ohio 44118
By: COLE F. OBERLI
Assistant Prosecuting Attorney
110 Cottage Street
Ashland, Ohio 44805

*Baldwin, J.*

**{¶1}** Defendant-appellant Rickie Back appeals from the July 3, 2019 Judgment Entry-Sentencing of the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On February 15, 2019, the Ashland County Grand Jury indicted appellant on two counts of non-support of dependents in violation of R.C. 2919.21, felonies of the fifth degree. At his arraignment on March 19, 2019, appellant entered a plea of not guilty to the charges.

**{¶3}** Thereafter, on May 31, 2019, appellant withdrew his former not guilty plea and entered a plea of guilty to Count One. The trial court granted appellee's motion to dismiss the remaining count. As memorialized in a Judgment Entry-Sentencing filed on July 3, 2019, appellant was sentenced to nine months in prison.

**{¶4}** Appellant now raises the following assignments of error on appeal:

**{¶5}** "I. THE DEFENDANT DID NOT MAKE THE WITHIN PLEA KNOWINGLY AND INTELLIGENTLY AS REQUIRED UNDER CRIMINAL RULE 11."

**{¶6}** "II. IT WAS ERROR TO IMPOSE THE WITHIN SENTENCE IN DEROGATION OF R.C. 2929.11."

I

**{¶7}** In his first assignment of error, Appellant argues that his no contest plea was not made knowingly, intelligently or voluntarily. We disagree.

**{¶8}** Appellant specifically contends that his plea was not made knowingly and intelligently because he was on medications for anxiety and depression at the time of the plea hearing.

**{¶9}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450; *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. To that end, Crim.R. 11 sets forth certain constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty or no contest plea.

**{¶10}** Crim.R. 11(C) states, in relevant part, as follows:

**{¶11}** (C) Pleas of Guilty and No Contest in Felony Cases…..

**{¶12}** (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**{¶13}** (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶14}** (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶15}** (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶16}** A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates,* 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 251. If a criminal defendant claims that his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶17}** In the case sub judice, the trial court complied with Crim.R. 11. After appellant advised the trial court that he was taking medication for depression and anxiety, the following discussion took place on the record:

**{¶18}** THE COURT: Are you taking medications, over-the-counter or prescriptions?

**{¶19}** MR. BACK: Prescriptions.

**{¶20}** THE COURT: What would that be?

**{¶21}** MR. BACK: Cholesterol, high blood, depression, anxiety, that is about it I think.

**{¶22}** THE COURT: Do any of those prescription medications impair your ability to comprehend or understand things?

**{¶23}** MR. BACK: No, no, sir.

**{¶24}** THE COURT: Are there any prescription medications that you are supposed to [SIC] taking but which you are not?

**{¶25}** MR. BACK: No, sir.

**{¶26}** THE COURT: And have you ever been determined by any court to be mentally incompetent or incapable of handling your own affairs?

**{¶27}** MR. BACK: No, sir.

**{¶28}** THE COURT: Then the record should reflect that Mr. Back appears to be mature alert and reasonably educated, not under the adverse influence of any alcoholic beverages or drugs, and fully capable of understanding today's proceeding's.

**{¶29}** Transcript of plea hearing at 5-6. When asked if he was entering the plea voluntarily and under his own free will, appellant indicted that he was. In addition, appellant acknowledged that he signed a written waiver and plea of guilty document.

**{¶30}** We further find that there is no evidence in the record supporting appellant's assertion that he was "mentally incapable of fully understanding the plea discussion and discourse" due to prescription medication.

**{¶31}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶32}** Appellant, in his second assignment of error, contends that the trial court in this matter imposed a sentence that was more than necessary to accomplish the purposes of sentencing in derogation of R.C. 2929.11.

**{¶33}** R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231 ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or

otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)–(b). "An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." State v. Hall, 5th Dist. Richland No. 15CA112, 2017–Ohio–592, ¶ 9, citing *State v. Ahlers,* 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8, and *State v. Moore,* 12th Dist. Clermont No. CA2014–02–016, 2014–Ohio–5191, ¶ 6.

**{¶34}** R.C. 2929.11 governs the overriding purposes of felony sentencing and states, in relevant part, as follows:

(A)     A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)     A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶35} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶36} Among the various factors that the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

{¶37} In the case sub judice, the trial court sentenced appellant to nine months incarceration for a violation of R.C. 2919.21(A), which was within the permissible statutory range. The trial court, both on the record and in its Entry, stated that it had considered the purposes of felony sentencing as set forth in R.C. 2929.11 and the provisions of R.C. Chapter 2929. In sentencing appellant, the trial court took into consideration appellant's

criminal history and his high ORAS score and also stated that appellant had "terror[ized] the family in an effort to get then to stop pursuing support" and that this  was "a more severe nature of the offense." Transcript of sentencing hearing at 8.

{¶38}  Based on the foregoing, we find that the trial court considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentenced appellant  within the permissible statutory range .

{¶39}  Appellant's second assignment of error is, therefore, overruled.

{¶40}  Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.