[Cite as *State v. Dooley*, 2020-Ohio-3947.]


WCOURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2019-0054 |
| | : | |
| JASON F. DOOLEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas, Case No.
                                 CR2019-0115



JUDGMENT:                        AFFIRMED




DATE OF JUDGMENT ENTRY:          August 3, 2020




APPEARANCES:

  For Plaintiff-Appellee:              For Defendant-Appellant:

  D. MICHAEL HADDOX                    JAMES A. ANZELMO
  MUSKINGUM COUNTY PROSECUTOR          446 Howland Dr.
                                       Gahanna, OH 43230
  TAYLOR P. BENNINGTON
  27 N. 5th St., P.O. Box 189
  Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Defendant-Appellant Jason F. Dooley appeals the May 14, 2019 sentencing entry of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}   On February 13, 2019, the Muskingum County Grand Jury indicted Defendant-Appellant Jason F. Dooley on one count of escape, a fifth-degree felony in violation of R.C. 2921.34(A)(3). Dooley was arraigned on March 20, 2019 and entered a plea of not guilty.

{¶3}   Dooley withdrew his not guilty plea and entered a plea of guilty on May 13, 2019. A change of plea hearing was held on May 13, 2019. At the hearing, the State presented the three-page plea form signed by Dooley and his counsel. The trial court conducted its colloquy with Dooley. Relevant to this appeal, the trial court asked Dooley the following:

THE COURT: Are you currently under the influence of any alcohol or drugs?

THE DEFENDANT: No, sir.

THE COURT: Have you used any substances within the last 24 hours?

THE DEFENDANT: No, sir.

THE COURT: Do you take any type of medication?

THE DEFENDANT: Just my psych meds.

THE COURT: And is that affecting your ability to understand what is going

on here today?

---

[1] A statement of the facts underlying Dooley's conviction is not necessary for the disposition of this appeal.

THE DEFENDANT: No, sir.

(T. 7-8). The trial court completed the colloquy and accepted Dooley's guilty plea.

{¶4}   The trial court sentenced Dooley to a seven-month prison term via sentencing entry filed May 14, 2019.

{¶5}   It is from this sentencing entry Dooley now appeals.

**ASSIGNMENTS OF ERROR**

{¶6}   Dooley raises two Assignments of Error:

{¶7}   "I. THE TRIAL COURT DID NOT MAKE SUFFICIENT INQUIRY TO DETERMINE WHETHER DOOLEY'S MEDICATION FOR A PSYCHIATRIC CONDITION INTERFERED WITH HIS ABILITY TO MAKE A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA.

{¶8}   "II. DOOLEY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

**I.**

{¶9}   Dooley argues in his first Assignment of Error that the trial court failed to ensure that he entered his guilty pleas knowingly, intelligently, and voluntarily because the court failed to adequately inquire into the effect Dooley's psychiatric medication had on his ability to understand the proceedings. We note that Dooley does not contend in his appeal that he was on fact impaired during the colloquy and incapable of entering his guilty plea knowingly, intelligently, and voluntarily.

**Crim.R. 11**

{¶10} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Hurt*, 5th Dist. Muskingum No. CT2019-0053, 2020-Ohio-2754, 2020 WL 2120071, ¶ 17 quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7 quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, 2014 WL 3359226, ¶ 13.

{¶11} To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea. *See State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus; Crim.R. 11(C), (D), and (E). It follows that, in conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 26. If a defendant receives the proper information, a reviewing court "can ordinarily assume that he understands that information." *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶12} Before accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved,

and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must also inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c). Strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved. "However, failure to [literally comply] will not necessarily invalidate a plea.

{¶13} "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Veney* at ¶ 18 quoting *State v. Ballard*, 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). When a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was knowingly, intelligently, and voluntarily made. *State v. Montanez*, 8th Dist. Cuyahoga No. 108093, 2020-Ohio-1023, 2020 WL 1310343, ¶ 8 citing State v. Alexander, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11; *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 20.

### Medication

{¶14} When asked if he was taking any type of medication, Dooley advised the trial court he was taking psychiatric medication. The trial court next asked:

THE COURT: And is that affecting your ability to understand what is going

on here today?

THE DEFENDANT: No, sir.

(T. 7-8). Dooley contends it was error for the trial court to end the inquiry and not ask follow up questions such as what medication he was taking and if the medications affected his ability to understand the Crim.R. 11 colloquy.

{¶15} In *State v. Montanez*, 8th Dist. Cuyahoga No. 108093, 2020-Ohio-1023, the defendant advised the trial court he was taking medication for anxiety and panic attacks during the plea colloquy. *Id.* at ¶ 9. The trial court asked what medication the defendant was taking and asked follow-up questions to determine if the medication affected his ability to understand the Crim.R. 11 colloquy:

THE COURT: Okay. Does your medication at all impact on your ability to

think clearly, to hear clearly and understand what's going on at all?

THE DEFENDANT: When it first starts kicking in, I feel a pulsation in my

head, the whole front of my head.

THE COURT: How are you feeling right now? It's about 10:00 now, 10:05.

How are you feeling now?

THE DEFENDANT: Nervous.

THE COURT: Well that's natural. Are you otherwise thinking clearly,

understanding what we're talking about, everything like that?

THE DEFENDANT: 80 percent.

THE COURT: Okay. Is there something that I've said so far or that is happening so far that you're not clear on?

THE DEFENDANT: No, not yet.

THE COURT: If that happens, would you make sure you let me know because I will be — like I said, we will be going back and forth with these questions, and I can only rely upon what your answers are. Okay?

THE DEFENDANT: Okay.

*Id.* at ¶ 9.

{¶16} The Eighth District Court of Appeals has held that where a trial court complies with the dictates of Crim.R. 11(C), the resulting guilty plea is presumed valid even though the defendant took medication that could impact the defendant's ability to think clearly and rationally as long as the record supports that finding. *State v. Montanez*, 8th Dist. Cuyahoga No. 108093, 2020-Ohio-1023, 2020 WL 1310343, ¶ 10 citing *State v. Brown*, 8th Dist. Cuyahoga No. 103835, 2016-Ohio-5415. In *Montanez*, the defendant indicated he was satisfied with his legal counsel. The trial court explained the defendant's constitutional rights and the defendant indicated that he understood. The defendant also indicated that he understood the maximum penalties, post-release control, and mandatory sex-offender registration. *Id.* at ¶ 12. The Eighth District found the trial court complied with Crim.R. 11, the defendant understood the proceedings, and he was capable of entering his guilty pleas knowingly, intelligently, and voluntarily. *Id.*

{¶17} In *State v. Back*, 5th Dist. Ashland No. 2019-COA-028, 2020-Ohio-451, this Court found the trial court complied with Crim.R. 11 after the defendant informed the court

that he was taking medication for depression and anxiety. The trial court asked if the medications impaired the defendant's ability to comprehend and understand things. Unlike *Montanez*, the defendant in *Back* gave a definitive answer that the medications did not affect his ability to comprehend and understand things. *Id.* at ¶ 22-23. When asked if he was entering the plea voluntarily and under his own free will, the defendant indicated that he was. In addition, defendant acknowledged that he signed a written waiver and plea of guilty document. *Id.* at ¶ 29. We found no evidence in the record supporting the defendant's assertion that he was "mentally incapable of fully understanding the plea discussion and discourse" due to prescription medication. *Id.* at ¶ 30.

{¶18} We find the facts of the present case can be differentiated from those in *Montanez*. In *Montanez*, when asked if the medications impacted the defendant's ability to think clearly, the defendant did not say "no" – he said that when the medications kicked in, he felt a pulsing in his head. The defendant's answer prompted the trial court to conduct a more in-depth inquiry to determine if the medications affected the defendant's capability to understand the proceedings.

{¶19} In the present case, the trial court asked if Dooley was taking any medications. Dooley answered that he was taking psychiatric medications. The trial court asked Dooley if the medications affected his ability to understand the change of plea proceedings and Dooley answered, "No, sir." Akin to the facts of *State v. Back*, when Dooley answered that the medication did not affect his ability to understand the proceedings, further inquiry by the trial court was not necessary.

{¶20} The totality of the plea colloquy demonstrated that Dooley understood the proceedings. Dooley indicated he was satisfied with his legal counsel. The trial court

explained Dooley's constitutional rights and Dooley indicated that he understood. Dooley also indicated that he understood the maximum penalties and the termination of his post-release control. Further, Dooley was able to deftly discuss his remaining post-release control with the trial court:

THE COURT: How much time does he have on PRC?

THE DEFENDANT: They gave me three years parole for the felony five, Your Honor.

MR. MCLENDON: How much time left?

THE DEFENDANT: I got December until now, about four months, so it's two years and eight months left.

(T. 13-14).

{¶21} On this record, we find the trial court complied with Crim.R. 11. We find no reason to doubt that Dooley understood the proceedings and was capable of entering his guilty plea knowingly, intelligently, and voluntarily.

{¶22} Dooley's first Assignment of Error is overruled.

**II.**

{¶23} In his second Assignment of Error, Dooley contends he received ineffective assistance of counsel because his trial counsel failed to request the trial court waive court costs due to Dooley's indigency.

{¶24} In *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, the Ohio Supreme Court directed that "when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-

142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland* [*v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984*)*], for determining whether a defendant received ineffective assistance of counsel." *Id.* at ¶ 1.

{¶25} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶26} Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 693 N.E.2d 267 (1998). In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697, 104 S.Ct. 2052. Even debatable trial tactics and strategies do not constitute

ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

{¶27} R.C. 2947.23, which governs judgment for costs, provides, in pertinent part: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). However, subsection (C) permits the trial court to retain jurisdiction "to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Therefore, a trial court has discretion to waive the payment of court costs whether a defendant is indigent or not. The trial court's decision regarding whether to waive costs is, therefore, "reviewed under an abuse-of-discretion standard." *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, 2020 WL 1531785, ¶ 13 citing *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235.

**Essential Duties**

{¶28} We first review the record to determine whether trial counsel failed in his essential duties to Dooley by failing to request a waiver of court costs under R.C. 2947.23. *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, 2020 WL 1531785, ¶ 14 citing *Bradley*, *supra*. We are guided by *Strickland*, *supra* to describe the deference used in such an analysis:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties

inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *See Michel v. Louisiana, supra*, 350 U.S., at 101, 76 S.Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

{¶29} In *State v. Eblin*, we conducted an analysis of whether counsel's failure to request a waiver of court costs fell below an objective standard of reasonable representation and was violative of any of counsel's essential duties to the client:

The adoption of R.C. 2947.23(C) now permits trial counsel flexibility regarding a request for waiving costs. Prior to its adoption, a failure to request of waiver of costs at sentencing resulted in a final judgment and a prohibition of any further consideration of that issue. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. Res judicata no longer bars appellant from requesting a waiver at any time after sentencing. "Trial counsel may have decided as a matter of strategy not to seek a waiver or modification of court costs until some later time" and "[s]trategic timing may now play a role in trial counsel's decision." *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 16; *State v. Purifoy*, 2nd Dist. Montgomery No. 28042, 2019-Ohio-2942, ¶ 28. We find that the timing of a motion, seeking waiver of payment, is a matter of trial strategy. *State v.*

*Southam*, 6th Dist. Fulton No. F-18-004, 2018-Ohio-5288, ¶ 67, quoting *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61. And a debatable trial strategy does not equal ineffective assistance of counsel. *Southam*, *supra* at ¶ 68, quoting *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). *State v. Moore*, 6th Dist. Erie No. E-19-009, 2019-Ohio-4609, ¶ 14. *Accord State v. Boyd*, 5th Dist. Richland No. 12CA23, 2013-Ohio-1333, ¶ 26. ("Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel," quoting *State v. Conway*, 109 Ohio St.3d 412, 2006–Ohio–2815, ¶ 101) and *State v. McCall*, 5th Dist. Coshocton No. 2017CA0002, 2017-Ohio-7860, ¶ 43 ("Tactical or strategic trial decisions, including timing of a motion, do not generally constitute ineffective assistance").

*State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, 2020 WL 1531785, ¶¶ 16-17

{¶30} Accordingly, pursuant to *State v. Eblin*, we hold that trial counsel did not violate an essential duty to Dooley by not filing a motion to waive costs at the sentencing hearing.

### Reasonable Probability

{¶31} Dooley relies on the trial court's findings that he was indigent for appointment of trial and appellant counsel to support his argument that there was a reasonable probability that the trial court would have waived costs.

{¶32} In *State v. Davis*, the Ohio Supreme Court stated that "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial

court would have waived costs had defense counsel moved the court to do so" and, instead we must determine "whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made. *State v. Davis*, 2020-Ohio-309 at ¶ 15-16.

{¶33} Dooley has not presented any facts or circumstances, other than his indigency, to support a finding that there was a reasonable probability that trial court would have granted the request to waive costs. We have reviewed the record before us and found nothing that would support the conclusion that there was a reasonable probability that the outcome would have changed had a motion been filed. We conclude that Dooley has failed to demonstrate a reasonable probability that the outcome would have changed and therefore, Dooley did not suffer prejudice as a result of counsel not filing a motion to waive costs.

{¶34} Pursuant to *Strickland, supra*, we find Dooley did not to establish ineffective assistance of counsel for trial counsel's failure to move for a waiver of costs.

{¶35} Dooley's second Assignment of Error is overruled.

**CONCLUSION**

{¶36} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.