[Cite as *State v. Clor*, 2023-Ohio-1355.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHRISTINE NICOLE CLOR | : | Case No. 22-COA-023 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 20-CRI-225


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            April 26, 2023


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

NADINE HAUPTMAN                       BRIAN A. SMITH
110 Cottage Street                    755 White Pond Drive
Third Floor                           Suite 403
Ashland, OH  44805                    Akron, OH  44320

*King, J.*

{¶ 1}   Defendant-Appellant, Christine Nicole Clor, appeals her June 30, 2022 sentence from the Court of Common Pleas of Ashland County, Ohio, ordering her to pay court costs.  Plaintiff-Appellee is the state of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 14, 2021, Clor pled guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11.  By sentencing entry filed May 12, 2021, the trial court sentenced her to ninety days of house arrest, twenty hours of community service, and three years of community control.

{¶ 3}   On May 10, 2022, community control violations were filed against Clor.  On May 27, 2022, she admitted to two of the violations.  By sentencing entry filed June 30, 2022, the trial court ordered Clor to remain on three years of community control and serve a residential sanction of up to six months at the Crosswaeh Community Based Correctional Facility.  The trial court also ordered Clor to serve ninety days in jail unless and until she was admitted to Crosswaeh.  The trial court ordered Clor to pay court costs.

{¶ 4}   Clor filed an appeal with the following assignments of error:

I

{¶ 5}   "THE TRIAL COURT'S FAILURE TO WAIVE APPELLANT'S COURT COSTS WAS AN ABUSE TO DISCRETION."

II

{¶ 6}   "THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO SEEK A WAIVER OF COURT COSTS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

I

{¶ 7}   In her first assignment of error, Clor claims the trial court abused its discretion in ordering her to pay court costs.   We disagree.

{¶ 8}   A decision to impose court costs is within a trial court's sound discretion. *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4202, 145 N.E.3d 235, ¶ 21.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9}   R.C. 2947.23(A)(1)(a) states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs."   Under subsection (C), a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."  "The statutory language provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs."  *State v. Taylor,* 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 8.  "[A] trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so."  *Id.* at ¶ 16.

{¶ 10} Clor argues court costs should not have been imposed because she is indigent and her indigence was established during the May 27, 2022 community control

violation hearing. During the hearing, the trial court questioned Clor in determining her qualifications for court appointed counsel. Clor testified she did not receive any public assistance other than Medicaid. T. at 5. She earned "maybe $1,200 right now" per month as income from her business selling "Amazon pallets." *Id.* However, she did not earn any income thirty days prior to the hearing. *Id.* She did not have any money in her business bank account, and she had $15 in her back pocket. T. at 6. She did not have anything to sell to hire an attorney. T. at 7. The trial court determined Clor qualified for court appointed counsel. *Id.* In addition to being indigent, Clor argues she was facing incarceration.

{¶ 11} The evidence demonstrates Clor's business income was $14,400 per year, albeit it could be uncertain. Clor had the ability to earn income. As for her pending incarceration, she was sentenced to ninety days in jail unless and until she was admitted to Crosswaeh, a residential facility for up to six months. The trial court stated beds were available, "so it could probably be done in a week." June 30, 2022 T. at 7. Even considering the full incarceration time, Clor will be able to be out and working within nine months at the latest. We note at the time of May 27, 2022 community control violation hearing, Clor was 36 years old. T. at 4.

{¶ 12} In addition, the trial court ordered the payment of court costs pursuant to a payment plan. *Id.* at 11. The trial court then notified Clor if she failed to make the payments, the trial court can order:

> that you perform community service work for the purpose of working off the
> Court costs, in which case for each hour of community work service

performed you would receive a credit at the Federal minimum wage rate in effect at the time that you perform that work service. That credit would be applied to the costs still outstanding and would reduce the costs by the amount of that work service credit, and that court ordered community work service to work off the court costs could remain in effect until the court costs are paid or until you otherwise come into compliance with a payment plan set up with your Supervising Officer.

{¶ 13} Clor will be placed on a payment plan and if she cannot make payments from her business income, the trial court can order community service in exchange. There is nothing in the record to indicate Clor cannot work. Clor has not established anything unreasonable, arbitrary, or unconscionable about the trial court's decision to order the payment of court costs.

{¶ 14} Upon review, we find the trial court did not abuse its discretion in ordering Clor to pay court costs.

{¶ 15} Assignment of Error I is denied.

II

{¶ 16} In her second assignment of error, Clor claims her trial counsel was ineffective for failing to seek a waiver of court costs. We disagree.

{¶ 17} "A properly licensed attorney in Ohio is presumed competent * * * [t]hus, the burden of proving ineffectiveness is on the defendant." (Citations omitted.) *State v. Smith,* 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶ 18} The Supreme Court of Ohio has held when an indigent defendant makes an ineffective assistance of counsel claim based upon trial counsel's failure to request a waiver of court costs, a reviewing court must apply the test set forth in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), in determining whether the defendant received ineffective assistance of counsel. *State v. Davis,* 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 1. The *Bradley* test at paragraphs two and three of the syllabus is as follows:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 19} "[A] determination of prejudice for purposes of an ineffective-assistance-of-counsel analysis depends upon whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made." *Davis* at paragraph two of the

syllabus. "[A] determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *Id.* at paragraph one of the syllabus.

**Counsel's Performance**

{¶ 20} In a previous case, this court analyzed whether trial counsel's failure to request a waiver of court costs fell below an objective standard of reasonable representation and violated any of counsel's essential duties to the defendant:

The adoption of R.C. 2947.23(C) now permits trial counsel flexibility regarding a request for waiving costs. Prior to its adoption, a failure to request of waiver of costs at sentencing resulted in a final judgment and a prohibition of any further consideration of that issue. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. Res judicata no longer bars appellant from requesting a waiver at any time after sentencing. "Trial counsel may have decided as a matter of strategy not to seek a waiver or modification of court costs until some later time" and "[s]trategic timing may now play a role in trial counsel's decision." *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 16; *State v. Purifoy*, 2nd Dist. Montgomery No. 28042, 2019-Ohio-2942, ¶ 28. We find that the timing of a motion, seeking waiver of payment, is a matter of trial strategy. *State v. Southam*, 6th Dist. Fulton No. F-18-004, 2018-Ohio-5288, ¶ 67, quoting

*State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61.  And a debatable trial strategy does not equal ineffective assistance of counsel. *Southam*, *supra* at ¶ 68, quoting *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995).  *State v. Moore*, 6th Dist. Erie No. E-19-009, 2019-Ohio-4609, ¶ 14.  *Accord State v. Boyd*, 5th Dist. Richland No. 12CA23, 2013-Ohio-1333, ¶ 26.  ("Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel," quoting *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101) and *State v. McCall*, 5th Dist. Coshocton No. 2017CA0002, 2017-Ohio-7860, ¶ 43 ("Tactical or strategic trial decisions, including timing of a motion, do not generally constitute ineffective assistance").

*State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 16.  *Accord State v. Dooley,* 5th Dist. Muskingum No. CT2019-0054, 2020-Ohio-3947, ¶ 29.

{¶ 21} Accordingly, pursuant to *Eblin*, we find trial counsel did not violate an essential duty to Clor by not filing a motion to waive court costs at the sentencing hearing.

**Prejudice**

{¶ 22} In addition, we have reviewed the record and have not found any evidence that would support the conclusion that there was a reasonable probability that the outcome would have been different had a motion been filed.  In Assignment of Error I, we analyzed whether the trial court abused its discretion in ordering court costs and found

nothing within the facts and circumstances of this case to indicate that a failure to grant a motion for waiver would have constituted an abuse.

{¶ 23} We conclude Clor has failed to demonstrate any prejudice.

{¶ 24} Upon review, we find Clor did not establish ineffective assistance of counsel for trial counsel's failure to file a motion for a waiver of court costs.

{¶ 25} Assignment of Error II is denied.

{¶ 26} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By King, J.

Gwin, P.J. and

Baldwin, J. concur.

AJK/db